UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| IN RE: | Case No. 26-70147 |
| Off-LOAD Moving LLC, | Chapter 11 |
| Debtor. | Subchapter V |

# DEBTOR'S MOTION TO DETERMINE VALUE, VALIDITY, PRIORITY, AND EXTENT OF ALLEGED SECURITY INTERESTS

Off-LOAD Moving LLC, debtor and debtor-in-possession (the "Debtor"), by counsel, pursuant to 11 U.S.C. §§ 506, 552, and 363 and Fed. R. Bankr. P. 3012 and 7001(2), moves for entry of an order determining the value, validity, priority, and extent of alleged security interests in the Debtor's assets and states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On January 20, 2026 (the "Petition Date"), the Debtor commenced this Chapter 11 case. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

Kimberly A. Kalisz (VSB No. 93248)
**CONWAY LAW GROUP, PC**
1320 Central Park Blvd, Suite 250
Fredericksburg, VA 22401
Telephone: (855) 848-3011
Email: kimberly@conwaylegal.com
*Proposed Counsel for the Debtor*

5. The Debtor operates a moving, packing, and storage business requiring ongoing use of:

    a. accounts receivable

    b. operating cash

    c. equipment

    d. deposit accounts

    e. general intangibles

6. Numerous creditors have filed UCC-1 financing statements asserting security interests in:

    a. "all assets"

    b. accounts receivable

    c. deposit accounts

    d. proceeds

    e. equipment

    f. general intangibles.

    SEE EXHIBIT A

## DISPUTES REGARDING COLLATERAL

8. The Debtor disputes the validity, extent, priority, and perfection of the alleged liens.

9. Several filings appear to:

    - assert overlapping collateral rights,

    - assert rights in deposit accounts without evidence of control, and

    - assert rights in post-petition revenue barred by § 552.

10. Some filings appear to relate to receivables-purchase agreements rather than secured loans, and therefore may not create enforceable liens against estate property.

11. The existence of multiple "all-assets" filings creates uncertainty regarding: lien priority, collateral scope, and adequate protection obligations.

## VALUE OF COLLATERAL

12. The Debtor's primary assets consist of accounts receivable, operating revenue, vehicles, moving equipment, and office equipment.

13. The value of the collateral must be determined for adequate protection, plan feasibility, claim classification, and use of cash collateral.

## LEGAL BASIS

14. Under 11 U.S.C. § 506(a), the Court may determine the amount of any secured claim.

15. Bankruptcy Rule 3012 authorizes valuation by motion.

16. 28 U.S.C. § 157(b)(2)(K) permits determination of lien validity, priority, and extent.

17. The Court may determine whether:

    a. liens are perfected,
    b. competing liens exist,
    c. collateral includes deposit accounts,
    d. post-petition revenue constitutes collateral,
    e. receivables were sold or pledged.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

(a) Setting a valuation hearing;

(b) Requiring alleged secured creditors to produce loan documents, security agreements, payoff statements, and evidence establishing perfection of any interest claimed to be secured;

(c) Determining the collateral value, validity of liens, priority of liens, and extent of collateral;

(d) Determining whether any creditor holds a perfected lien in deposit accounts, rights in post-petition revenue, or an enforceable lien in receivables; and

(e) Granting such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Kimberly Kalisz*
Kimberly A. Kalisz (VSB No. 93248)
**CONWAY LAW GROUP, PC**
1320 Central Park Blvd, Suite 250
Fredericksburg, VA 22401
Telephone:  (855) 848-3011
Email: kimberly@conwaylegal.com
*Proposed Counsel for the Debtor*

# EXHIBIT A

### CHART OF CREDITORS WHO HAVE FILED UCC STATEMENTS

| # | Creditor | VA SCC Filing Date | Asserted Collateral (as stated in UCC) |
|---|---|---|---|
| 1 | **ASSN Company** | 4/4/2025 | All presently existing or hereafter acquired assets of the debtor (all-assets filing) |
| 2 | **Unite America Fund Inc.** | 5/7/2025 | All present and future accounts receivable, credit card receivables, and all cash or non-cash proceeds thereof |
| 3 | **Wall Street Funding** | 5/28/2025 | Accounts receivable, cash, cash proceeds, accounts, chattel paper, equipment, general intangibles, inventory, instruments related to receipts and future receivables |
| 4 | **Corporation Service Company, as Representative** | 7/17/2025 | All personal property of every kind, including accounts, rights to payment, insurance proceeds, chattel paper, documents, instruments, deposit accounts, general intangibles, and all proceeds |
| 5 | **Corporation Service Company, as Representative** | 9/4/2025 | Accounts, accounts receivable, contracts, chattel paper, instruments, inventory, equipment, general intangibles, customer lists, books and records, and proceeds of the foregoing |
| 6 | **Loot Financial Services Corp** | 8/25/2025 | "Line of Credit, Revenue Based Financing" (no specific collateral description) |
| 7 | **Avanza Capital Holdings, LLC** | 10/17/2025 | Certain future receivables sold pursuant to a purchase and sale agreement; stated as an outright sale; UCC filed for notice purposes only |
| 8 | **KAPFI Equity LLC** | 11/20/2025 | All accounts, accounts receivable, payment intangibles, contract rights, chattel paper, instruments, documents, general intangibles, inventory, equipment, deposit accounts, all proceeds and funds deposited therein, including all future receipts and cash proceeds |
| 9 | **The LCF Group, Inc.** | 12/3/2025 | All assets now owned or hereafter acquired, including accounts (credit card receivables), chattel paper, inventory, equipment, instruments, investment property, deposit accounts, general intangibles, and proceeds |
| 10 | **Goose Funding** | 12/12/2025 | "na" (no collateral described) |
| 11 | **Fund Me Fast LLC** | 12/15/2025 | All accounts receivable, receipts, instruments, contract rights, chattel paper, licenses, leases, general intangibles, and books and records |

Kimberly A. Kalisz (VSB No.93248)
CONWAY LAW GROUP, PC
1320 Central Park Blvd, #200
Fredericksburg, Virginia 2401
Telephone: 855-848-3011
Facsimile: 571-285-3334
E-mail: kimberly@conwaylegal.com

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| IN RE: | Case No. 26-70147 |
| Off-LOAD Moving LLC, | Chapter 11 |
| Debtor. | Subchapter V |

**PROPOSED**

**ORDER DETERMINING PROCEDURES TO VALUE COLLATERAL AND DETERMINE THE VALIDITY, PRIORITY, AND EXTENT OF ALLEGED SECURITY INTERESTS**

This matter came before the Court upon the Motion of the Debtor to Determine the Value, Validity, Priority, and Extent of Alleged Security Interests (the "Motion"), filed by Off-LOAD Moving LLC, debtor-in-possession (the "Debtor").

The Court, having reviewed the Motion, the record in this case, and having found that notice was proper and that good cause exists, it is hereby:

**ORDERED**

1. The Motion is **GRANTED**.

2. A **valuation and lien-determination hearing** shall be scheduled by the Court.

3. Any creditor asserting a lien in property of the estate, including but not limited to accounts receivable, deposit accounts, equipment, general intangibles, proceeds, post-petition revenue, or "all assets," shall file and serve a response no later than **14 days before the scheduled hearing**.

4. Any responding creditor shall attach to its response:

    a. the promissory note or agreement,
    b. the security agreement,

      c. UCC filings,
      d. payoff statement,
      e. evidence of perfection,
      f. documentation supporting any claim of lien priority.

5. Failure to file a response may result in the Court determining that no valid lien exists, that the lien is unperfected, that the lien does not attach to deposit accounts, that the lien does not attach to post-petition revenue, or that the creditor holds only an unsecured claim.

6. Pending further order of the Court:

    a. No creditor shall be deemed to hold a perfected lien in deposit accounts;

    b. No creditor shall be deemed to hold a lien in post-petition revenue under § 552;

    c. The Debtor reserves all rights to object to any secured claim.

7. This Order is entered pursuant to: 11 U.S.C. §§ 506 and 552, Fed. R. Bankr. P. 3012, and 28 U.S.C. § 157(b)(2)(K).

8. The Debtor shall serve this Order on: the United States Trustee, the Subchapter V Trustee, all creditors asserting security interests, the top 20 unsecured creditors, and all parties requesting notice.

ENTERED this ___ day of _____, 2026.


**UNITED STATES BANKRUPTCY JUDGE**
Hon. Stephen C. St. John